UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:25-CR-51-TAV-DCP |
| NY'KEMA CHAQUEZE WILLIAMS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Ny'Kema Williams's Motion to Reconsider Detention Hearing [Doc. 44]. *See* 28 U.S.C. § 636(b). Following a detention hearing on June 12, 2025, the undersigned detained Defendant pending trial after finding no conditions or combination of conditions would reasonably assure the safety of the community [Doc. 16 & 16-1]. Defendant now asks to reopen her detention hearing based upon the availability of a different third-party custodian, proposed residence, and potential employment [Doc. 44 p. 1; Doc. 47 pp. 1–2]. Defendant again proposes continuing to attend and lead Alcoholics Anonymous meetings and adds that she would submit to GPS monitoring [Doc. 47 p. 2]. The Government asks the Court to deny Defendant's motion, asserting that the proposed new information is neither new, nor material to whether Defendant presents a danger to the community [Doc. 48 pp. 1, 7–9].

The undersigned finds that none of Defendant's proposed new information was unknown or not capable of being known at the time of the detention hearing. Moreover, the proposed new information is not material in that it does not meaningfully reduce the risk of danger to the community. Accordingly, Defendant's motion to reopen the detention hearing [**Doc. 16**] is **DENIED**.

## I. DETENTION DETERMINATION

The undersigned held a detention hearing for Defendant Williams on June 12, 2025 [Doc. 13, Minutes]. On June 20, 2025, the undersigned ordered that Defendant be detained pending trial, finding that although she "minimally rebutted the presumption" that no conditions or combination of conditions would assure her appearance or protect the community, clear and convincing evidence revealed her to be a danger to the safety of the community [Doc. 16-1 pp. 1, 3]. The undersigned considered the proffered conditions that Defendant continue operating her two businesses (a clothing store and a cleaning service) and live with her mother, who would serve as her third-party custodian [*Id*. at 3]. Defendant also proposed continuing to attend Alcoholics Anonymous and giving talks to individuals recovering from substance abuse [*Id*. at 1]. The undersigned found these conditions would not reasonably assure the safety of the community due to indications that Defendant continued participating in drug trafficking after her codefendant's arrest, her mother's dependence on Defendant for housing and demonstrated inability to deter Defendant's criminal activity and substance abuse, and the continued application of the rebuttable presumption [*Id*.].

## II. ANALYSIS

The Bail Reform Act permits the Court to reopen a detention hearing "at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Thus, reopening a detention hearing, requires new information that is both (1) previously unknown to the movant when the detention

2

hearing occurred and (2) material to the existence of conditions that will reasonably assure the defendant's appearance and the safety of others. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

As to the first requirement that the information be unknown at the time of the detention hearing, "many courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the evidence was available at the time of the hearing." *United States v. Fordham*, No. 3:22-CR-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. July 21, 2022) (citing *United States v. Dillon*, 938 F. 2d 1412, 1415 (1st Cir. 1991)); *see also United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) ("Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." (citations omitted)). The requirement that the evidence be previously unknown "precludes a party from a second bite of the detention apple unless there is some demonstrated legitimate reason for not having initially presented the evidence." *United States v. Adams*, No. 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024). Thus, "a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *Id*. at 4 (observing this requirement of "reasonable care or diligence" is accepted by "[m]ost courts").

Regarding the materiality prong, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. Whether to grant a motion to reopen is a matter within the Court's discretion. *Id*.

Defendant offers the following as new information warranting reopening the detention hearing in this case: (1) that she reside with her former employer Jon Beever who will serve as her

3

third-party custodian and help her obtain employment, (2) that Defendant continue to participate in Alcoholics Anonymous, and (3) that Defendant submit to GPS monitoring [Doc. 47 pp. 1–2]. The undersigned finds none of these conditions constitutes a basis to reopen the detention hearing.

First, Defendant proffers that she will live with her former employer[1] Jon Beever at his residence in Rockwood, Tennessee [Doc. 44 p. 1; Doc. 47 p. 2]. Defendant avers that following the Court's ruling that she be detained, Mr. Beever contacted defense counsel and offered to serve as Defendant's third-party custodian [Doc. 47 p. 2]. She states that "Mr. Beever has known [her] and [her] family for a significant period of time[ and that she] refers to him as her 'Godfather'" [*Id.*]. Defendant states that Mr. Beever is a laboratory manager at the University of Tennessee and has offered to help Defendant find employment [*Id.*]. Defendant contends "[a]ll of the information with Mr. Beever was unknown to Counsel prior to and during the June 12, 2025 hearing" [*Id.*].

Defendant's current proposal to live with and be supervised by Mr. Beever is not new information within the meaning of § 3142(f)(2). *See United States v. Chappell*, No. 3:17-cr-361, 2017 WL 11517833, at *4 (N.D. Tx. Oct. 10, 2017) (determining defendant's proposal that he live with his employer who would be his third-party custodian is not "the kind of new information or newly discovered evidence that Section 3142(f)(2) contemplates"). Defendant clearly knew of her former employer and "Godfather" at the time of the detention hearing. That counsel did not know of this option is immaterial because the statute focuses on information unknown to the defendant

---

[1] Defendant does not state the nature of her former employment with Mr. Beever in her motion and supplement [*see* Docs. 44 & 47]. In her pretrial interview, Defendant mentioned her clothing store and cleaning business and stated that she previously worked at McDonalds and at Wakefield and Associates.

4

at the time of the hearing. *Adams*, 2024 WL 4227313, at *4 (citing *United States v. Caruso*, No. 20-165, 2021 WL 1811586, at *2 (D. Az. May 6, 2021)).

Defendant's second and third proposed conditions fair no better. Defendant offered to continue to participate in Alcoholics Anonymous at the June 12 detention hearing [*See* Doc. 16-1 p. 1]. Not only was this condition previously known, but it was also previously considered. The undersigned did not find this condition sufficient then and, indeed, Defendant's prior involvement in this group has not deterred her admitted daily marijuana use. The offer of electronic monitoring was similarly available at the June 12 hearing and is not material to Defendant's dangerousness. *See United States v. Nemetz*, No. 5:22-CR-92, 2022 WL 3365048, *5 (E.D. Ky. Aug. 15, 2022) (observing that conditions focused on monitoring a defendant's location do little to mitigate the risk of danger from continued drug-trafficking) (citation omitted).

Finally, none of the proposed new conditions meaningfully reduce the risk of danger to the community. Based on information provided by the Government, the undersigned previously found "that after [Defendant's codefendant] was arrested on July 6, 2024, while operating a three-wheeled motorcycle, he made jail calls to Defendant, giving her instructions to retrieve the motorcycle from impound and to have it towed to their residence in order to recover illegal narcotics stored inside it and complete a transaction" [Doc. 16-1 p. 2]. The Court found Defendant's participation in such activity after her codefendant's arrest was a "strong indication that she will revert to drug-trafficking if released" [*Id*.]. *See United States v. Asberry*, No. 5:22-CR-10, 2022 WL 3287895, at *5 (E.D. Ky. Aug. 11, 2022) (considering the defendant's willingness to continue drug-trafficking activities despite the arrest of an alleged co-conspirator "further indicates that the risk that she will revert to drug-trafficking if released is increased").

5

Moreover, the Court observed that Defendant engaged in the charged conduct while on probation in Knox County and had several probation violations between 2016 and 2023 [Doc. 16-1 p. 3]. Considering these findings, Defendant's proposed new conditions, while possibly offering a more stable residence than previously submitted, do not reasonably assure the Court that Defendant is not a risk of danger to the community through continued drug trafficking.

## II.  CONCLUSION

Defendant Williams's purported new information does not warrant the reopening of the detention hearing. Accordingly, Defendant's Motion to Reconsider Detention Hearing [**Doc. 44**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge